## EL PUEBLO, DEMANDANTE Y APELADO, v. TORRES, ACUSADO Y APELANTE.

Apelación procedente de la Corte de Distrito de Guayama en causa por infracción al artículo 162 del Código Penal.

No. 1739.—Resuelto en mayo 20, 1921.

PASIÓN—PREJUICIO.—El Tribunal Supremo no puede prestarle consideración a la mera alegación de que la corte de distrito actuó movida por pasión y prejuicio contra el acusado, cuando ni de los autos aparece ni el apelante demuestra en su alegato que existe la prueba de tal alegación.

ABUSO DE DISCRECIÓN.—Aunque el apelante hubiera probado que los tres testigos presentados por el Fiscal eran políticos y habían sido utilizados por El Pueblo en otras acusaciones similares y que uno de ellos era jugador de oficio, hechos que no aparecen de los autos, no constituiría abuso de discreción por parte de la corte el dar crédito a tales testigos.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. R. Martínez Nadal.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

Encarnación Torres Santiago fué condenado por haber infringido el artículo 162 del Código Penal al hacerse inscribir en el Registro de Electores del Municipio de Santa Isabel sabiendo que no tenía derecho a tal inscripción por carecer de residencia legal, o sea por tener menos de un año de residencia con antelación al dos de noviembre de 1920 en cuya fecha se celebrarían elecciones generales en esta Isla; y en el recurso de apelación que ha interpuesto contra la sentencia por él apelada, alega como único motivo para que la revoquemos y lo absolvamos que la corte inferior actuó en este caso con pasión y prejuicio contra él y que abusó de su discreción al resolver el conflicto de la evidencia, exponiendo como razón que la prueba del Pueblo consistió en la declaración de los tres eternos testigos políticos del Fiscal de Guayama cuyas declaraciones son imprecisas, mendaces y amañadas, siendo uno de ellos un jugador de oficio y que la declaración del testigo que presentó el apelante es honrada, lógica y llena de detalles respecto de la vida y residencia del acusado.

Nada se expone en el alegato del apelante en demostración de la afirmación que hace de que la corte sentenciadora actuó en este caso con pasión y prejuicio en contra del apelante ni nada hay, en absoluto, en los autos respecto de esta cuestión.

La alegación de que la corte inferior abusó de su discreción al resolver el conflicto de la evidencia en este asunto no podemos sostenerla porque aunque se hubiera probado que los tres testigos del fiscal son políticos y utilizados por él en otras acusaciones, lo que no aparece de los autos, y también que uno de ellos es jugador de oficio, lo que tampoco resulta sino que habiendo ido al barrio del ''Descalabrado'' de Santa Isabel en busca de unos gallos durante el mes que permaneció allí estuvo jugando, aunque todo eso se hubiera

probado, repetimos, no sería un abuso de discreción en la corte el dar crédito a esos testigos. Por lo demás la prueba fué contradictoria, como reconoce el apelante, en cuanto al tiempo de residencia que el acusado tenía en Santa Isabel con referencia al día de las elecciones generales, pues mientras los testigos de la acusación declararon que el apelante no cambió su residencia de "Villalba" al "Descalabrado" de Santa Isabel hasta el mes de febrero, resultando así que sólo tenía en el último sitio nueve meses de residencia con anterioridad a las elecciones, el testigo del apelante declaró que el cambio de residencia había tenido lugar diez y ocho meses o dos años antes de las elecciones, conflicto que tocaba dirimir a la corte inferior sin que por el examen que hemos hechos de la prueba podamos declarar que hubo abuso de la discreción judicial al resolverlo.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.